## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. ELH-11-358 |
| | ) | |
| AUSTIN ROBERTS, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

********

## MOTION TO EXCLUDE
## TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by its undersigned counsel, hereby moves this Court to make the following findings: (1) that 70-day period of time permitted by the Speedy Trial Act between the date of the indictment or initial appearance and the date of the trial has not yet begun to run in this case, because Austin Roberts, III, one of the defendants in this case, has not yet had his initial appearance; (2) that the time from August 10, 2011, when Maurice Hardy filed various pretrial motions, until the date on which the Court rules on the government's pending motion *in limine* (or rules on all other motions filed prior to its decision on the pending motion *in limine,* whichever occurs later), to the extent it would otherwise be included, is excluded from the Speedy Trial computation in this case; and (3) pursuant to 18 U.S.C. § 3161(h)(1) and (7), that time necessary for plea discussions is a proceeding within the contemplation of the Speedy Trial Act and that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the defendants in a speedy trial, due to the complexity of the case and because the parties need a longer period than is normally afforded under the Speedy Trial Act for review of the

pertinent records, to conduct plea discussions, and to conduct pretrial preparation in the event

that no agreement is reached upon a plea, and that all time from June 28, 2012, until the date on

which the trial in this case begins, to the extent it would otherwise be included, is excluded from

the Speedy Trial computation in this case.

1.      Defendants Roberts, Hardy, and Andrew Jackson were charged in an indictment

on June 29, 2011.  Dkt. #1.  Jackson had an initial appearance on the same day, and Hardy's

initial appearance took place on July 15, 2011.  Dkt. ##11, 26.  On September 14, 2011, Roberts,

Hardy, Jackson, Arnold Williams, Irving Lawrence Polk, Jr., and others were charged in a

superseding indictment.  Dkt. #44.  Polk had an initial appearance on September 20, 2011, and

Williams had an initial appearance on October 13, 2011.  Dkt. ##67, 95.  As of the date of this

filing, Roberts has not been arrested in connection with this case, and he has not had an initial

appearance.

2.      On August 10, 2011, Hardy filed various pretrial motions.  Dkt. ##36-40.

Jackson filed pretrial motions on October 4, 2011, and he subsequently filed additional motions.

Dkt. ##92-93, 143, 164-65.  On June 1, 2012, the government filed a motion *in limine*.  Dkt.

#173.  In an oral ruling on June 28, 2012, confirmed by a letter Order on June 29, 2012, the

Court denied Jackson's pending motions.  Dkt. #218.  The Court has not yet ruled on the

government's motion *in limine* for purposes of the trial.  *Id.*

3.      The Speedy Trial clock will not begin to run for any of the defendants in this case

until Roberts has had his initial appearance (so long as the delay in having his initial appearance

is reasonable).  Under 18 U.S.C. § 3161(h)(6), the Speedy Trial computation shall exclude a

"reasonable period of delay when the defendant is joined for trial with a codefendant as to whom

time for trial has not run and no motion for severance has been granted." *Accord United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983) ("[I]n cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)."); *United States v. Crockett*, 813 F.2d 1310, 1317 (4th Cir. 1987).  Here, Roberts has not had an initial appearance, and his Speedy Trial clock has not begun to run.  *See* 18 U.S.C. § 3161(c)(1) ("[T]he trial of a defendant . . . shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.").  Accordingly, the Speedy Trial clock has not begun to run for any of the defendants in this case.

4.      All time from August 10, 2011, until the date on which the Court rules on the government's pending motion *in limine* (or rules on all other motions filed prior to its decision on the pending motion *in limine*) should, in any event, be excluded from the Speedy Trial computation.  Pursuant to 18 U.S.C. § 3161(h)(1)(D), all time from the filing of motions until a court has ruled on the merits of all motions should be excluded from Speedy Trial computations.  *See also United States v. Tinklenberg*, 131 S. Ct. 2007, 2011 (2011) (time should be excluded from Speedy Trial computations due to delay resulting from any pretrial motion "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial"); *Henderson v. United States*, 476 U.S. 321 (1986).  Here, as set forth above, Hardy filed pretrial motions on August 10, 2011.  While those motions were pending, Jackson (and other defendants) filed pretrial motions.  And the government filed its motion *in limine*, on which the Court has not yet ruled for purposes of trial, before the Court had addressed all of Jackson's motions.  In sum,

3

there have been motions pending in this case since August 10, 2011, and all time from that date

until the date on which the Court rules on the government's pending motion (and any other

motions filed prior to the Court's decision on the government's pending motion) should

therefore be excluded from the Speedy Trial computation in this case.

        5.       In addition, the Court should find that the 70 days contemplated by the Speedy

Trial Act are inadequate for additional plea discussions and, if necessary, trial preparation; that

the ends of justice served by the continuance issued on June 28, 2012, outweigh the best interests

of the public and the defendants in a speedy trial; and that all time from June 28, 2012, until the

date on which the trial in this case begins, to the extent it would otherwise be included, is

excluded from the Speedy Trial computation in this case.  Several courts have held that time

occupied with plea negotiations may appropriately be treated as one of the other unspecified

"proceedings involving the defendant" that can serve as a basis for excluding time under the

Speedy Trial clock pursuant to § 3161(h)(1).  In *United States v. Bowers*, 834 F.2d 607 (6th Cir.

1987) (per curiam), for example, in which the Sixth Circuit held that the district court had

properly excluded time under the Speedy Trial Act "based upon its finding that a tentative plea

agreement had resulted from negotiations between defense counsel and the government," the

Sixth Circuit explained that

> the periods of delay listed in 18 U.S.C. § 3161(h)(1)(A) through (J)
> are only examples of delay "resulting from other proceedings
> concerning the defendant" and are not intended to be exclusive.
> All the examples listed are of delaying circumstances that ought
> not to be charged to the government.  Similarly, the trial court was
> warranted in declining to charge this delay to the government,
> since the plea bargaining process can qualify as one of many
> "other proceedings."

*Id.* at 609-10; *see also, e.g.*, *United States v. Van Sommeren*, 118 F.2d 1214, 1218 (8th Cir. 1997)

4

("[W]e exclude the plea negotiations as a 'proceeding involving defendant' under §
3161(h)(1)."); *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987) ("The plea
bargaining process can also qualify as one of many 'other proceedings' under the generic
exclusion of section 3161(h)(1) . . . . [N]egotiating a plea bargain could be considered a
proceeding other than trial, or preparation for trial, that qualifies for the exclusion.").  Likewise,
one of the judges of this Court has suggested, in dicta, that "it is certainly arguable that [plea]
negotiations are 'proceedings concerning the defendant' within the meaning of the introductory
clause of section 3161(h) . . . ."  *United States v. Scott*, 743 F. Supp. 400, 404 (D. Md. 1990)
(Kaufman, J.).  Here, the parties have engaged and plan to continue engaging in plea discussions.

      6.      Further, a number of courts have held that continuances to permit additional time
for plea negotiations are proper under § 3161(h)(7), the provision of the Speedy Trial Act
authorizing continuances where they will serve "the ends of justice."  For example, in *United
States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994), the Third Circuit squarely rejected the
suggestion that § 3161(h)(8) – the previous version of § 3161(h)(7) – could not apply to a
continuance granted for purposes of allowing the parties additional time to pursue plea
negotiations: "Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of
justice' continuance may not be granted for this purpose. . . .  In current federal practice, plea
negotiations play a vital role.  We therefore see no reason why an 'ends of justice' continuance
may not be granted in appropriate circumstances to permit plea negotiations to continue."  The
*Fields* court further reasoned that although § 3161(h)(1)(I) (now § 3161(h)(1)(G)) specifically
excludes from the Speedy Trial Act calculus time resulting from a court's consideration of a
proposed plea agreement, this did not mean that

> Congress meant to preclude an "ends of justice" continuance under
> 18 U.S.C. § 3161(h)(8) for the purpose of permitting plea
> negotiations to continue.  "Ends of justice" continuances under 18
> U.S.C. § 3161(h)(8) were obviously intended for use in situations
> that do not fall within one of the exclusions specifically set out in
> 18 U.S.C. § 3161(h)(1)-(7).

*Id.* at 445 n.6; *see also United States v. Stackhouse*, 183 F.3d 900, 901-02 (8th Cir. 1999) (per curiam) (court properly excluded time consumed by plea negotiations from Speedy Trial calculation under the ends-of-justice exclusion where defendant engaged in months of plea negotiations, then waited until the very last minute to announce that he no longer wanted to plead guilty); *United States v. Williams*, 12 F.3d 452, 460 (5th Cir. 1994) ("The plea negotiations favored both sides; we cannot say upon review that justice was not served by granting a continuance after those negotiations broke down.").[1]

7.      Exclusion of time from the Speedy Trial calculation is also proper under § 3161(h)(7) when a continuance is issued because of the complex nature of a case.  Under the plain language of that statutory provision, a court determining whether to issue an ends-of-justice continuance should consider "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section," § 3161(h)(7)(B)(ii), and "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii) . . . would deny counsel for the defendant or the attorney for

---

[1]It appears that only the Ninth Circuit squarely rejects this conclusion.  *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000); *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983) ("Negotiation of a plea bargain is not one of the factors supporting exclusion provided in section 3161(h)(8)(B).").

the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).  This case involves multiple defendants and wiretap evidence and evidence obtained from the execution of search warrants at several locations, among other evidence; it is plainly complex.  Moreover, on June 8, 2012, Williams' lead counsel was disqualified.  Thus, the continuance issued by the Court will ensure that Williams' new lead counsel (who was previously his second-chair counsel) has time to prepare effectively for trial if necessary.

8.     Four of the defendants charged in this case have pled guilty, and Roberts has not yet had his initial appearance.  Three of the other four defendants – Jackson, Williams, and Polk – have consented through counsel to this motion.  Counsel for Maurice Hardy, the other defendant, has not informed the government of his client's position on this motion as of the time of this filing.

9.     For the foregoing reasons, the government respectfully requests that the Court issue an Order finding (1) that the 70-day period of time permitted by the Speedy Trial Act between the date of the indictment or initial appearance and the date of the trial has not yet begun to run in this case, because Austin Roberts, III, one of the defendants in this case, has not yet had his initial appearance; (2) that the time from August 10, 2011, when Maurice Hardy filed various pretrial motions, until the date on which the Court rules on the government's pending motion *in limine* (or rules on all other motions filed prior to its decision on the pending motion *in limine*, whichever occurs later), to the extent it would otherwise be included, is excluded from the Speedy Trial computation in this case; and (3) pursuant to 18 U.S.C. § 3161(h)(1) and (7), that time necessary for plea discussions is a proceeding within the contemplation of the Speedy

Trial Act and that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the defendants in a speedy trial, due to the complexity of the case and because the parties need a longer period than is normally afforded under the Speedy Trial Act for review of the pertinent records, to conduct plea discussions, and to conduct pretrial preparation in the event that no agreement is reached upon a plea, and that all time from June 28, 2012, until the date on which the trial in this case begins, to the extent it would otherwise be included, is excluded from the Speedy Trial computation in this case.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:____/s/_____
      Joshua L. Kaul
      Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of July, 2012, a copy of the foregoing Motion to

Exclude Time Under the Speedy Trial Act was served on defense counsel via electronic filing.


_____/s/_____
Joshua L. Kaul
Assistant United States Attorney