IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

AUSTIN ROBERTS, III,

*Defendant*.

Criminal Action No. ELH-11-00358

## MEMORANDUM

Austin Roberts, III has submitted correspondence requesting early termination of his supervised release, citing 18 U.S.C. § 3583(e)(1).  ECF 667 (the "Motion").  Both the government and the Probation and Pretrial Services Office ("Probation") oppose the request.  *See* ECF 669 (Government); ECF 670 (Probation).

Defendant was indicted on June 29, 2011.  ECF 1.  He and two others were charged with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  A Superseding Indictment followed on September 14, 2011.  ECF 44.  Roberts was one of nine defendants.  In Count One, Roberts was charged with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and a quantity of cocaine base.  *Id.*

On May 10, 2013, Roberts entered a plea of guilty to Count One of the Superseding Indictment.  ECF 329.  The plea was tendered pursuant to a Plea Agreement.  ECF 330.  In particular, the plea was entered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of 19 years of imprisonment (228 months) as the appropriate disposition of the case. *See id.* ¶ 10.

Sentencing was held on August 9, 2013. ECF 382. The Court imposed the agreed upon sentence of 228 months of imprisonment, along with a term of five years of supervised release. ECF 383.

Roberts subsequently moved for post conviction relief under 28 U.S.C. § 2255. ECF 405. By Memorandum Opinion and Order of December 16, 2019 (ECF 574, ECF 575), the Court denied Roberts's petition.

Defendant later moved for compassionate release. ECF 591. Pursuant to an Amended Memorandum Opinion and Order of October 17, 2022 (ECF 626, ECF 627), the Court reduced Roberts's sentence to 175 months of imprisonment. Notably, the Court reimposed the same terms and conditions of supervised release that were originally imposed. *Id.* An Amended Judgment was entered on October 18, 2022. ECF 628.

Defendant was released from prison on December 27, 2024, and his term of supervised release commenced at that time. Defendant filed the Motion a little more than one year after he began his term of supervision.

In the Motion, defendant asserts that he has "remained fully compliant with all conditions" and asserts that his conduct reflects "meaningful rehabilitation rather than temporary compliance." ECF 667 at 1. Moreover, he asserts that he has "structured" [his] life around lawful employment, responsibility, and routine." *Id.* In addition, he asserts that he has "focused on family responsibility and stability, which has become a central motivating factor in [his] continued lawful conduct." And, defendant asserts: "I pose no risk to the community . . . ." *Id.* at 2.

Section 3583(e) of Title 18 of the United States Code is pertinent. It provides the District Court with authority to grant early termination of supervised release if, in the court's discretion, the relief is appropriate and in the interest of justice. The section states:

2

> The court may, after considering the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

This was a very serious offense. *See* 18 U.S.C. § 3553(a)(1). The Plea Agreement contained a Stipulation of Facts. *See* ECF 330 at 9-10. It reflects that defendant distributed or directed the distribution of more than 50 kilograms of cocaine and a kilogram of heroin. *Id.* at 9. Moreover, according to the Statement of Facts, "For well over a year following his Indictment on state and federal charges, the Defendant intentionally eluded arrest." *Id.* at 10. Defendant obtained false identification and, on two occasions, he fled after having been stopped by law enforcement. In one instance, a search of the vehicle the defendant had been driving led to the recovery of over $29,000 from a hidden compartment in the vehicle. *Id.*

At the time of sentencing, the defendant was 37 years old. He faced a mandatory minimum term of imprisonment of ten years. According to the Presentence Report (ECF 370), the defendant qualified as a career offender. *Id.* ¶ 25. After deductions for acceptance of responsibility, defendant had a final offense level of 34. *Id.* ¶ 27. The defendant's numerous convictions yielded a subtotal of nine points. *Id.* ¶ 46. And, he was under supervision at the time of the offense. *Id.* ¶ 47. As a career offender, defendant had a criminal history category of VI. *Id.* ¶ 49. Defendant's advisory sentencing guidelines called for a period of incarceration of 262 to 327 months of imprisonment. *Id.* ¶ 58.

I applaud the defendant's progress while on supervised release. But, I agree with the government that the length of time for which defendant has been on supervised release "is

insufficient to ensure public safety and achieve the goals of sentencing, including deterrence . . . ."

ECF 669 at 3; *see* 18 U.S.C. § 3553(a)(2)(B).

Therefore, at this time, I will deny defendant's Motion, without prejudice to his right to renew the motion at a future time.  An Order follows.


Date:   March 25, 2026                                    _____/s/_____

Ellen L. Hollander
United States District Judge